IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RODERICK WASHINGTON,** )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>)<br>**PAROLE REGION III** )<br>**HEADQUARTERS,** )<br>)<br>Respondent. )<br>)<br>_____ ) | 1:07-CV-1561-LJO WMW HC<br><br>MEMORANDUM OPINION<br>AND ORDER DISMISSING<br>PETITION AS DUPLICATIVE |

      Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. In this petition, Petitioner contends that he has been kept incarcerated past his maximum statutory release date. He claims that the Board of Parole Hearings and/or Board of Prison Terms refuse to release or credit his parole and discharge him. Petitioner claims that this refusal stems from the fact that on June 28, 2007, he was falsely written up in a CDC 115.

      Petitioner previously raised the claim that on June 28, 2007, he was falsely written up in a CDC 115 in <u>Washington v. Dovey</u>, 1:07 - CV- 1398 AWI SMS HC, another habeas corpus petition pending before this court. Accordingly, the court finds the present petition to be duplicative of the earlier filed action.

      Petitioner may seek to appeal from the judgment of the court in this case. Petitioner

cannot proceed on such an appeal absent a certificate of appealability.  The controlling statute, 28 U.S.C. § 2253, provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In the present case, the court finds no denial of a constitutional right.  Accordingly, a certificate of appealability will be denied.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1) This petition for writ of habeas corpus is DISMISSED as duplicative of <u>Washington v. Dovey</u>, 1:07 - CV- 1398 AWI SMS HC;

2) All pending motions are DENIED as moot;

3) A certificate of appealability is DENIED;

4) The Clerk of the Court is directed to enter judgment for Respondent and to close this case.

IT IS SO ORDERED.

**Dated:   May 6, 2008**                              **/s/ Lawrence J. O'Neill**
                                                     UNITED STATES DISTRICT JUDGE